HOUSTON *v.* TRIMBLE.

Upon a trial of a question of fact, under the Code, the written decision need not state the evidence upon which the facts were decided ; nor need the facts as found be given in writing, unless requested by one of the parties.

APPEAL *from Marion District Court.*

*Opinion by* KINNEY, J.  Bill filed for specific performance.  Answer alleges that the agreement to convey was entered into by fraud and duress, &c.  Decree ordered a conveyance of the land described in the agreement.

It is claimed that the court erred by neglecting to state, in writing, the facts on which the decree is rendered.  The Code provides that upon a trial of a question of fact, its decision, if requested by either party, shall be given in writing, stating the facts found, and the conclusions founded thereon, separately; all of which shall be entered upon the record.  § 1793.

In this case the court states all the facts upon which the decree is based, and proceeds to state that there was some evidence introduced by the defendant tending to show that he signed said agreement through fear; but not sufficient to enable him to avoid his contract.  We think the court has complied, in this case, with the requirements of the above section.  It stated the facts found to exist, but does not embody all the evidence in relation to the duress.  It certainly never was intended by the framers of the Code that the court should set out all the evidence in the case.  This would require an amount of labor which we think the legislature never intended to impose upon the court.  If the parties desire that all the testimony should come up to the supreme court, they can have it put into a bill of exceptions, or if in chancery cases, it is in the form of depositions,

they should be sent up, and the whole facts will be before the court. It will be observed that the Code only requires the court to state the facts found, and the conclusions founded thereon, at the request of either party. The court is not obliged to state the facts unless requested. In order to justify this court in reversing a case, on the ground that the provisions had not been complied with, it should appear upon the record that the party requested the court to set out, in writing, the facts found, and the conclusions founded thereon; then, if the court refused the request, it would be error sufficient to reverse the judgment. In this case it does not appear that either party requested the court to state the facts found; and hence the party could not complain if the facts had not been reduced to writing at all by the court.

*Casady & Tidrick,* for appellants.

*H. B. Hendershott,* for appellee.